United States District Court
EASTERN Division of Tennessee
at Chattanooga

Randy Edwards, G.D.O.C. # 564997
    Plaintiff / Petitioner

- v -

- State of Tennessee, et al
- R. Steven Babb, District Attorney, 10th Judicial Circuit / District; et al;
- Bradley County Sheriffs Dept., et al
- Georgia Dept. of Corrections, et al
    Defendant(s) / Respondent(s)

Action # 1:15-MC-34
Mattice

FILED
OCT 22 2015
Clerk, U.S. District Court
Eastern District of Tennessee
Chattanooga

28 USC 2241 & 2254
* Emergency Petition for Writ of Habeas Corpus *

⟨I⟩
* Verification Under Penalty of Perjury *

To All of Interest, Review & concern; I "Randy Edwards" attest by signature that All here-in, above, and following are the Truth, whole Truth and Verifiable = [signature]

⟨II⟩
* Request to Proceed o/n Forma Pauperis *

I state to this Court I am Indigent in Every Capacity, have Absolutely No Assistance nor funds in any account (attach as Exhibit 01 & 02 – Certification & History of Account for Verification) and state w/out express leave of this court for cost(s) I have No other Access to the Court;

⟨cont'd @ pg 02⟩

⟨III⟩
* Request To Adopt As Supplements *

Previously I submitted to U.S.D.C./Nashville documents styled as case# 3:15-CV-00273 which was transferred to Eastern District and became case# 1:15-CV-68-HSM-WBC. For purpose(s) to alleviate reprocity/duplicity I respectfully ask the Court to incorporate via Rule 2 of 2254 Cases this same "BASIC" Information

⟨IV⟩
* PREISER -v- RODRIGUEZ 411 US 475, 500 (1973) *

... provides "when a State Prisoner is Challenging the Very Fact or Duration of his physical imprisonment and relief he seeks is a determination that he is entitled to Immediate release or a Speedier release from that imprisonment, his Sole Federal Remedy is a Writ of Habeas Corpus.

* I ask this Court to adopt Rule 42(a)/its factor(s) of due process & equal protection to Expedite Trial and Eliminate Unnecessary repetition and or Confusion.

⟨V⟩
* Request For Assistance of Counsel / Requirement *

I aver Assistance of Counsel is Required in this matter due to the Complexities which exceed my pro-se, dormant & Severely Limited Resources in my Quest to seek Justice from Procedural Errors of opposition, severe prejudice and the Unnecessary Implications of Cruel and Unnecessary Unusual Punishment(s) creating Liberty, Justice, Equality and Freedom Problems for myself.

This Court in accordance w/ 18 USC 3006 A (a), (2) (B) and cited w/in Hooks -v- Wainwright 775 F.2d 1433, 1438 (11th Cir. 1985) has Authority to Appoint Counsel and relieve me of the Unequal, Unfair Contest of limited Resources against the States Unlimited Resources - as Due Process & Interest of Justice Require.

### (V), cont'd

1) I function "unfairly" through weekly indigent allotments ( 20 sheets of paper, 5 sheets of carbon paper, 05 envelopes and 05 first class postage stamps;
2) I Only am entitled to (1) one hour per week Law Library Time and am Inexperienced with Electronics/Electric Library, and Law Books are Severely outdated and limited;
3) I Aver in the interest of Justice Counsel is required to Simplify and Expedite this Action;

### VI
\* Related Case Facts & Relevant Issues \*

I show this court "in Good Faith" case # 13-CR-02768-JFL-001 of the Floyd County Superior Court/ Rome Georgia deals w/issues referring to Opposing parties and plea of Guilty was entered under <u>Alford</u> which is being challenged in totality of issues w/in the U.S.D.C Northern District of Georgia, Rome Division as Case # 4:15-CV-0013B-SCJ-JSA which holds relevant factors w/in this case matter verifying Miscarriage of Justice, Negligence, Prosecutorial Misconduct, Prejudice and others requiring Judicial Review and Experienced Assistance of Counsel for representation here-in to "EVEN THE Unequal Contest".

### (VII)
\* Facts To This Court \*

After filing Petitions w/in Nashville Division, same being transferred to Chattanooga, then and only there after was I able to obtain further information from Opposing parties in reference to pending charges in Bradley County Since 5/24/2013.

1) The inception of this case against me begins w/ a Warrant filed against me by Carl Maskew of the Bradley County Sheriffs Dept on May 23, 2013 and a Notice & Copy of same initiated on 5/24/2013 while I was Being held in the Floyd County Jail alleging THEFT OF PROPERTY TCA 39-14-103 -FELONY i.e. 2004 John Deere Bulldozer stolen from Dale Scoggins on July 24th, 2012

2) ON 05/24/13 I was issued a <u>Waiver of Extradition</u> by Corporal Nick Yarbrough

VII, cont'd, #(2)
of the Floyd County Sheriffs Dept. for Bradley County and told upon signature & Waiver of Extradition Bradley County would be on their way to transfer me to their jurisdiction for Resolve. * I agreed to sign same & on same date mailed a letter to the General Sessions Court acknowledging Receipt & Waiver of Extradition.

\* Argument & Fact \*

Standing on Due Process & Equal Protection Rights; OCGA 42 et seq, i.E. chapter 06, 42-6-3 (a) ; 42-6-20, Article I, Article III (d), & (e); Article IV; Article V (a) & (c) ⇒ Standing Solely w/in Bounds of V, (c)  To wit;

❋ IF THE APPROPRIATE AUTHORITY SHALL REFUSE OR FAIL TO ACCEPT TEMPORARY CUSTODY OF SAID PERSON, OR IN THE EVENT THAT AN ACTION ON THE INDICTMENT, INFORMATION OR COMPLAINT ON THE BASIS OF WHICH THE DETAINER HAS BEEN LODGED IS <u>NOT</u> BROUGHT TO TRIAL W/IN THE PERIOD PROVIDED IN ARTICLE III OR ARTICLE IV HEREOF, THE APPROPRIATE COURT OF THE JURISDICTION WHERE THE INDICTMENT, INFORMATION OR COMPLAINT HAS BEEN PENDING SHALL ENTER AN ORDER DISMISSING THE SAME WITH PREJUDICE, AND ANY DETAINER BASED THERE-ON SHALL CEASE TO BE OF ANY FORCE OR EFFECT.

(3) In numerous methods of Correlation, including Demand For Disposition/Discovery to opposing officials the allegations were Noted as Case # 13-CR-1353 and can be fully Verified via Certified Mail Article # 7011 0470 0003 6703 8159

(4) On October 15th, 2013 return response was received by "Donna", Deputy Clerk, General Sessions Court acknowledging Pro-Se Demand For Disposition & Discovery w/ date of correspondence as October 10th 2013

(5) On June 06th 2014 correspondence was received dated October 29th, 2013 from Tisha Myers, legal secretary, office of District Atty Gen., Cleveland Tn

VII, (5) cont'd

which will & does verify the opposing parties were factually aware of my location AT ALL TIMES...

(6) Numerous other attempts to resolve have been pursued, attempted & performed in Good Faith by myself and T.D.O.C. officials to No Avail;

(7) Only after initiating action(s) w/in Nashville USDC was there any further action by Opposing parties;

(8) On July 13th 2015 a letter from M. Drew Robinson, Asst. Dist. Atty. Gen. from office of Stephen D. Crump/Dist Atty Gen. was received dated July 06th 2015 stating "the case has been resolved, no longer exists & was resolved by Plea of Guilty w/ attorney Scott Kanavos. Same included Disposition of & for RANDALL LEE EDWARDS d/o/b 7/6/1973 and the arresting officer was CARL MASKEW – although myself & the other ARE Entirely (2) Two different people

(9) On October 18th, 2015 Counselor Kim Adams (after vigorous Requests) began searching my D.O.C. file(s), A.C.S.C & NCIC and came up with Notification for Detainer Effective Date 03-24-2015, entered by Samanth Shenett, alleging Notification Date was 04-03-2015 for Bradley County 911 ECD, Contact person LISA Ruth 1555 Guthrie Drive N.W. Cleveland TN 37311, 423-728-7311 phone; 423-728-7282 fax and Having "NEW" docket numbers i.e. 13-CR-4113-1 Theft of Property over $10,000.00 and 14 CR 2319-1 Theft of Property HOWEVER still the same property of DALE Scoggins i.e. 450 John Deere Dozer

(10) This Honorable Court (USDC, Eastern District of Tennessee at Chattanooga) i.e. USDC Judge Harry S. Mattice, Jr. has entered & filed on 05/06/15 a Memorandum Opinion; at page 02 states, "All WELL-PLEAded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether they plausibly suggest an entitlement to relief."

(cont'd at page 06)

(VII), (10) cont'd

The court continues acknowledging facts of "Hold" & Detainer – which has had and has an adverse affect w/in release, etc, etc and on page 03 (last paragraph) turns to the Invocation of Rights under I.A.D..., for Resolution of One Jurisdiction's outstanding charges against another Jurisdictions Prisoner.

The Court continues, page 04, "In Essence"..., Detainer Defined as "ANY" notification to the Sending State that the Receiving State WISHES to try Defendant..., must be tried w/in 180 days AFTER HE IS DELIVERED TO THE RECEIVING STATE.

* At this point I Expressly Argue and Vigorously Aver on Agreement of Waiver to Extradition signed 05/24/13 is authorizing Custody of the Receiving State to pick-up, take Custody, present before tribunal, try w/in 180 days and where the Receiving State Fails to do so, THEY HAVE ERRED and I should not be punished for nor from their Negligence!

This court continues, pg 04, "the Procedural Requirements of the I.A.D. do not apply until a DETAINER is Lodged against a prisoner, BUT just before defines a detainer as ANY Notification to the sending state..."

* Does Not a Warrant (outstanding) classify as Any Notification?
* Does Not process of Extradition Classify as " " " ?
* Does Not Repeated NCIC/GCIC notices of a Hold not Classify as ANY Notification?
* Do these Not effect Liberty, Freedom, Equality & Justice?
* Do these Not have to meet Due Process & Equal Protection Rights?

The court proceeds, "ONCE A DETAINER IS LODGED AGAINST A PRISONER... the I.A.D. by its EXPRESS TERMS BECOMES APPLICABLE, SO that Compliance with its PROVISIONS IS REQUIRED.

VII, (10) cont'd

With Respect to the Bench, I ask same to Elaborate upon "Any Notification" and the Express Terms of I.A.D. in Consideration of & to Due Process and Equal Protection Rights - specifically where Multiple Good Faith Attempts have been made for Trial / Resolve by prisoner but opposing Fails To Act:

11) I show (in ref. to the Courts case @ (1) Hill, 528 US 111-112) I have Been affected by this Hold since 05/13 to present w/ No Bond for Bondable offense; Additional charge in Floyd County as Fugitive; Removed from County Work Facility due to an outstanding charge that I've Been adamant to resolve; I've been denied placement w/in a State Transitional Center (Work Release Program) due to same and still suffer from the Negligence of the opposing parties to Act:

12) I show further w/ Specificity - (as stated afore) Notification of Detainer & Open charge reflects Effective Date 03/24/2015, opposing parties filed and initiated DETAINER for same charge (Dale Scoggins) but entered different case #'s i.E. 13-CR-4113-1 & 14-CR-2319-1

※ I aver the Effective Date being 03/24/2015 and date of this Pleading being 10/16/2015 EXCEEDS 180 days according to I.A.D. and relying on Due Process & Equal Protection of Procedural Due Process the charges in the above cited cases Must be Dismissed w/ Prejudice and the Detainer Removed / Lifted Immediately in the Interest of Justice

(VIII)
* REQUEST FOR APPEARANCE & HEARING *

Where the Court is Not inclined to Issue Petitions Request (Writ of Habeas Corpus) I request Expedited Appearance & Hearing before this Court in the interest

VIII, cont'd

of Justice to prevent further Oral Argument, Documents, Support of Miscarriage in Justice, stemming Solely from flagrant Disregard to follow Procedural due process, and factual Verification from Opposing parties via their own Correspondence that Notification has been Made, Received & ignored Repeatedly from inception of Waiver of Extradition:

✱ I state to the Court I have No access to Tennessee Code(s), Statutes or Constitution and "Again" am at a Disadvantage from Limited Resources, this case/action REQUIRES either Assistance of Counsel OR A Hearing w/ Expedited Court Ordered Appearance (Either in Person or Video w/ Access to Fax/Scann Documentation to properly present Facts for Relief:

Where the Court Grants Appearance and Hearing, I request same be Expedited via U.S. Marshall Service.

Respectfully Submitted

[signature]

Oct 18th, 2015

Randy Edwards 564997
Dodge State Prison
P.O. Box 276
Chester GA. 31012

Exhibit 01

> THIS FORM IS TO BE COMPLETED ONLY BY AN AUTHORIZED INDIVIDUAL AT THE INSTITUTION WHERE THE INMATE PLAINTIFF IS PRESENTLY INCARCERATED, OR HIS/HER DESIGNEE.

## CERTIFICATION

I hereby certify that the Plaintiff herein, **RANDY EDWARDS**, has an average monthly balance for the last twelve (12) months of $ **0** on account at the **DODGE STATE PRISON**

**CONFINED 1 MONTH 9 DAYS** institution where confined. (If not confined for a full twelve (12) months, specify the number of months confined. Then compute the average monthly balance on that number of months.)

I further certify that Plaintiff likewise has the following securities according to the records of said institution: **$ 0 CONFINED AT DODGE STATE PRISON**

_____  10/8/15
Authorized Officer of Institution    Date

> NOTE: Please attach a copy of the prisoner's inmate account of the last 12 months, or the period of incarceration (whichever is less).

# History of Accounts
### Offender EDWARDS, RANDY - UNO#564997

*Exhibit 02*

**There is no account history for this offender.**

Click <u>HERE</u> to view Syscon account history.

### Obligations History

| Obligations | Balance |
| --- | --- |
| INDIGENT LOAN | 193.30 |
| MEDICAL CO-PAY | 25.00 |
| RX-COPAY | 30.00 |

**No Court Charges Found.**

© *1998 - 2002 Georgia Department of Corrections*
Send your system questions and recommendations to us

*Inmate has no open account - DOsborne*



MACON GA 310
20 OCT 2015 PM 2 L

Randy Edwards 564997
Dodge State Prison
P.O. Box 276
Chester, Ga 31012

United States District Court
Office of the Clerk
Chattanooga, Tennessee
37402

Mailed 10/19/15

Contents for filing
Ref: Bradley County, Tn.
13-CR-4113-1 & 14-CR-2319-1
From 13-CR-1353

37402$5998